IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LISA MARIE STEUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-093 |
| | ) | |
| MARTIN J. O'MALLEY, Commissioner of Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 12.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorney's fees be **GRANTED IN PART**, and Plaintiff be **AWARDED** attorney's fees in the amount of $7,546.00.

**I.    DISCUSSION**

On February 26, 2024, United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in Plaintiff's favor. (Doc. nos. 10, 11.) Plaintiff now requests $8,536.00 in attorney's fees for 38.8 hours of representation, including time spent preparing a reply brief on the fee request. (Doc. nos. 12, 14.) Defendant argues for a reduction in the amount of compensable time because clerical tasks are not compensable under the EAJA, and counsel spent an

_____

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk to substitute Martin J. O'Malley, Commissioner of Social Security Administration, as the proper Defendant.

unreasonable amount of time reviewing the administrative transcript. (Doc. no. 13.)

### A. Plaintiff Is Entitled to an Award of EAJA Fees

"Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010). However, "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Where settlement is not possible, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id.; see also Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc., 432 F. App'x 842, 842 (11th Cir. 2011) (*per curiam*) ("A fee applicant 'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (citation omitted); Holton v. Saul, CV 417-199, 2019 WL 6040184, *2 (S.D. Ga. Nov. 13, 2019) (same). Defendant does not contest Plaintiff's entitlement to fees under the EAJA, but it does oppose Plaintiff's request for fees on the basis she seeks compensation for clerical tasks and excessive time. (See doc. no. 13.) Thus, the Court finds Plaintiff meets the requirements for an award of EAJA and turns to the reasonableness of Plaintiff's request.

### B. Reasonableness of Plaintiff's Request for EAJA Fees

The lodestar method applies to the determination of attorney fees under the EAJA. See Barbee v. Berryhill, 339 F. Supp.3d 1262, 1266 (N.D. Ala. Oct. 19, 2018) (citing Astrue v. Ratliff, 560 U.S. 586, 602 (2010)), *clarified on other grounds on denial of rec'd* 350 F. Supp.3d 1209 (N.D. Ala. 2018). The Court examines the fee request for the attorney's reasonable hours spent and then multiplies that by a reasonable hourly rate. See Hensley, 461 U.S. at 433; Barbee, 339 F. Supp.3d at 1266. The Court has discretion in determining

the amount of fees awarded, including determining the reasonable hours expended and hourly rate, Hensley, 461 U.S. at 436-37, and the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988). While Plaintiff has the burden to document expenditure of appropriate hours, Hensley, 461 U.S. at 437, the Court should exercise discretion to "exclude excessive or otherwise unnecessary hours," bearing "in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Barbee, 339 F. Supp.3d at 1266-67 (citing Norman, 836 F.2d at 11301, 1306). Objections and proof from the opponent of the fee request "must also be reasonably precise." Id.

Plaintiff's initial EAJA motion included 39.6 total hours of work at $220.00 per hour, but "in an exercise of billing discretion," sought compensation for 37 hours of work, for a total of $8,140.00. (Doc. no. 12-1.) Defendant requested a reduction of 4.2 hours for billing entries "contain[ing] clerical tasks," and a reduction of 9.75 hours for excessive time reviewing the administrative transcript, for a total $5,071.00 based on 23.05 hours of work at $220.00 per hour.[2] (Doc. no. 13.) Plaintiff then requested an additional 1.8 hours for preparing a reply in support of the fee request, increasing the total award sought to $8,536.00. (Doc. no. 14.)

### C. Clerical Tasks Are Not Compensable

Attorneys are not entitled to compensation at an attorney's rate for clerical tasks or tasks that do "not require the full exercise of an attorney's education and judgment."

---

[2]Defendant's request to take billing to the hundredth of an hour is rejected.

3

Norman, 836 F.2d at 1306; see also Mobley v. Apfel, 104 F. Supp.2d 1357, 1360 (M.D. Fla. 2000) (explaining "tasks of a clerical nature," such as filing a complaint, receiving return of service, correspondence regarding administrative record, answer, and missing pages, are not EAJA compensable); Clover v. Colvin, No. CV 314-154, 2016 WL 4522661, at *2 (S.D. Ga. Aug. 29, 2016) (ruling plaintiff not entitled to attorney's fees for clerical tasks such as preparing summons, consent forms, and complaint).

Here, Defendant challenges the following three entries as "containing" clerical tasks and requests that the entire 4.2 hours be deducted from the fee request:

| | | |
|---|---|---|
| 6/26/23 | Read ALJ and related docs to determine appeal viability, confer w/referring rep and cl, open FDC file, prep case initiating docs | 2.3 |
| 7/17/23 | Confirm filing of complaint, read and review all docket entries, inform cl of status | .5 |
| 9/15/23 | Analyze transcript for completeness, prelim review, inform client of status | 1.4 |

(See doc. no. 13, p. 4.) The problem with both the entries and the objections is the multi-task time entries from Plaintiff, which resulted in Defendant's general request for wholesale cuts to entries "containing" clerical tasks that may also include compensable, non-clerical tasks.

As the attorney representing Plaintiff in federal court was not Plaintiff's counsel at the administrative level, it is reasonable that new counsel would need to read the administrative decision and consider the viability of an appeal, but the Court finds entries such as opening a case file, preparing standard case initiating documents in the form of a one-page boilerplate complaint, and confirming the complaint made it onto the docket are reasonably considered clerical tasks. When determining how much time to deduct, the Court has the option to use

4

an across-the-board reduction to prevent unnecessary or inappropriate fees where multi-task entries make it impossible to evaluate the reasonableness of specific time requested.  See J.T. v. Comm'r of Soc. Sec., No. 7:20-CV-69, 2022 WL 1815751, at *2 (M.D. Ga. May 13, 2022), *adopted by* 2022 WL 2032835 (M.D. Ga. June 2, 2022).  Given the general natural of the challenged entries which include such clerical tasks as opening a file and preparing case initiating documents,[3] and speaking with a client about case "status,"[4] the Court will deduct one hour as non-compensable time for clerical tasks.

D.   Reviewing Administrative Transcript

Defendant also challenges as excessive 19.5 hours spent reviewing the administrative transcript and preparing to brief the issues for the Court's consideration, and requests a 9.75 hour reduction.  Plaintiff strenuously objects to any reduction and points out that prior to these federal proceedings, newly-retained counsel did not have access to the administrative record.  While the Court understands Plaintiff's position and needing to carefully review the record, it also understands there was a conference with the referring counsel on June 26, 2023, as well as an index to the administrative transcript.  Plaintiff's counsel also states he has been practicing since 2013 and has worked on hundreds of social security cases at the

---

[3]Indeed, counsel concedes, "The preparation of a complaint and related case initiating documents is rather minimal." (Doc. no. 14, p. 5.)

[4]For example, the July 17 entry including "inform cl of status" was one week after Plaintiff had been granted *in forma pauperis* status, and there was no action to be taken by Plaintiff until the answer and transcript were filed almost two months later.  In contrast, the time entry for conferring with the client on October 23, 2023, was specifically in reference to the offer of a consent motion to remand.  (See doc. no. 12-1, pp. 2-3.)  While the Court appreciates Plaintiff's position that client communication is essential, (doc. no. 14, p. 4), providing more specific topical information or separating out time entries for individual activities would make the reasonableness of compensation clear for the record from the outset and would avoid having to provide after-the-fact explanations in a reply brief.  (See id. at 5.)

5

administrative and district court levels. (Doc. no. 12-1, p. 1.) This is not the first administrative transcript he has reviewed, and he was surely able to draw on his wealth of experience to efficiently review and identify the most important topics to consider in the administrative record.

Moreover, Plaintiff's citation to out-of-circuit, non-binding case law regarding the size of an administrative transcript, (doc. no. 14, p. 6), is not persuasive to convince the Court reviewing a "HUGE 1,400+ page" transcript, automatically requires a finding of reasonableness regarding the hours spent reviewing it. (Doc. no. 12-1, p. 2 (emphasis in original).) As the Supreme Court long ago explained, the amount of fees must be determined based on the facts of each case, Hensley, 461 U.S. at 429, and thus generalities regarding transcript size are not determinative. While a 1,400 page transcript is by no means the shortest ever reviewed, the Court's own experience reveals three pending case in this District alone with much larger transcripts. See Graham v. O'Malley, CV 324-004, doc. no. 8 (S.D. Ga. Mar. 29, 2024) (4,235 page transcript); Winningham v. Kijakazi, CV 423-159, doc. no. 17 (S.D. Ga. Aug. 10, 2023) (3,578 page transcript); and Cummings v. O'Malley, CV 323-074, doc. no. 7 (S.D. Ga. Nov. 7, 2023) (2,148 page transcript).

Although Defendant contends there were no new or novel issues of law in the case, Plaintiff was still required to brief her issues and document them in the record. The briefing successfully convinced the Commissioner to move to voluntarily remand the case. Just as with Plaintiff's generalizations, Defendant's citation to transcript size and general comparisons to other cases in which a different court's experience led to the conclusion that excessive hours were claimed on the facts of that particular case, (doc. no. 13, p. 6), are not persuasive to convince the Court that a reasonable review of the transcript should have taken

9.75 fewer hours than requested.  See Hartage v. Astrue, No. 4:09-CV-48, 2011 WL 1123457, at *2 (M.D. Ga. Feb. 15, 2011) (refusing to engage in speculation and conjecture to cut by more than half the amount of time requested for preparation of brief based on Commissioner's general assertion of reasonableness), *modified on other grounds and adopted by* 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011).

Having considered the administrative record and the issues raised in the briefing, along with the Court's own experience, the number of hours for reviewing and outlining the administrative record - prior to 13.5 hours of separate, unchallenged time for brief writing - should be reduced by 3.5 hours for a reasonable amount of 16 hours for review of the transcript.  Additionally, the Court finds Plaintiff has reasonably requested 1.8 hours for litigating the fee issue, for a total of 34.3 hours at $220.00 per hour and a total EAJA fee award of $7,546.00.  See B.M. v. Comm'r of Soc. Sec., No. 1:19-CV-57, 2021 WL 1175211, at * (M.D. Ga. Mar. 26, 2021) (recognizing typical work time in EAJA varies between 20 and 40 hours but also that determining reasonable EAJA fees is dependent on facts of specific case and collecting cases in support of same).  This lodestar amount should not be further reduced.

E. **The Fees Are Payable to Plaintiff**

In Astrue v. Ratliff, the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. at 589.  Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  Indeed,

7

this approach has been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

II. **CONCLUSION**

For the reasons set forth above, the Court recommends the reduction of Plaintiff's EAJA fee request by 1.0 hour for clerical tasks, and by 3.5 hours for excessive time reviewing the administrative record. The award should also include 1.8 hours for preparing a reply brief regarding the fee request. Thus, Plaintiff should be awarded for 34.3 hours at $220.00 per hour. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

motion for attorney's fees be **GRANTED IN PART**, (doc. no. 12), and Plaintiff be **AWARDED** attorney's fees in the amount of $7,546.00.

SO REPORTED and RECOMMENDED this 20th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA